**SIMPSON v. NICARO NICKEL CO. et al.**

District Court, S. D. New York.

July 31, 1946.

Graustein & Kormendi, of New York City (Laszlo Kormendi, of New York City, of counsel), for plaintiff.

Simpson, Thacher & Bartlett, of New York City (Stephen P. Duggan, Jr., of New York City, of counsel), for defendant and third party plaintiff.

Dwight, Harris, Koegel & Caskey, of New York City (William W. Owens, of New York City, of counsel), for third party defendant Russell McGee.

CAFFEY, District Judge.

The complaint in the original action seeks an accounting from the Nickel Company for royalties alleged to be due under a royalty agreement, dated November 21, 1938, between plaintiff and H. E. Talbott & Co., one of the third party defendants. The Nickel Company ultimately became the assignee of Talbott. In a second cause of action it was alleged that it was the purpose, meaning and intent of the parties to provide for the payment of royalties under certain conditions stated, and that the agreement, though not free from ambiguity, was reasonably susceptible of such interpretation. And in a third cause of action it was alleged that the Nickel Company, when it accepted the assignment and assumed Talbott's obligations under the agreement, did so with notice or knowledge that it was the purpose and intent of the parties that royalties should be paid under the conditions stated and that the language used, if it failed to express such intention, was the result of inadvertence and mutual mistake and asked that the agreement be reformed accordingly.

Leave to the Nickel Company to bring in the third party defendants above named was granted. Its complaint against them contains three causes of action.

In the first cause of action which is directed against all the third party defendants, except Simpson and Smith, it is alleged that they (these third party defendants), by a written agreement, dated June 14, 1940, agreed to hold the Nickel Company harmless from the liability which would be sustained by it in the event that the plaintiff should recover a judgment against it upon the third cause of action in his complaint and that the Nickel Company would be entitled to recover such a judgment from them.

The second cause of action is directed against Talbott & Co. only. It alleges that on June 14, 1940, Talbott sold and assigned all its interest under the royalty agreement of November 21, 1938, aforesaid, to two corporations which by the same instrument agreed to assume and perform all the obligations of the royalty agreement to be performed by Talbott; that on June 18, 1940, these two corporations were consolidated into the Nickel Company; that, as a part of the assignment and as an inducement to accept it, Talbott warranted that "there were no limitations upon the rights transferred by said assignment and that the documents evidencing such rights fairly, accurately and completely set forth the rights of the parties thereto, and that such documents were what they purported to be, according to the terms thereof;" that the Nickel Company mined and treated a quantity of ore under such circumstances as not to become liable for royalties to plaintiff under the 1938 agreement; that if the royalty agreement should be reformed, as sought by plaintiff in his third cause of action, and judgment in favor of plaintiff should be entered thereon, any loss sustained by the Nickel Company will result from the fact that the warranty aforesaid was breached and the Nickel Company will not only be liable for such judgment but its right to remove ore will be decreased in value to the extent of the increased burden imposed by such reformation, for all of which these defendants will be liable.

The third cause of action is directed only against Talbott and McGee, individually and as a member of Talbott & Co., Simpson (the plaintiff and also third party defendant) and Smith. It alleges the same assignment agreement of June 14, 1940; that at the time thereof and prior thereto these defendants represented to the assignee that "the rights and obligations under the said agreement (of 1938) would be as provided by the express terms" thereof; that if, as alleged in the second and third causes of action in the original complaint, the terms of the royalty agreement did not set forth the actual agreement between the parties, then the aforesaid representation was false, was of a material fact, was made with intent that it should be relied upon and was

in fact relied upon by the assignees, without knowledge or notice of such falsity; and that, if plaintiff should recover judgment against the Nickel Company upon the second or third cause of action in his complaint, the damages suffered by the Nickel Company, by reason thereof, will be occasioned by such misrepresentation, in which event the Nickel Company will be entitled to recover against these defendants the amount of such judgment and the decrease in value of its right to remove ore from the property, referred to in the 1938 agreement.

 Simpson, as third party defendant, and McGee, individually and as co-partner in Talbott & Co., separately move for a bill of particulars of the representations alleged in the third cause of action in the third party complaint (quoted above), stating whether the representation was written or oral, a copy, if written, and the substance, if oral, the time and place of the representation, the person by whom made, and the person to whom made. The bill is sought for the purpose of determining whether to answer the complaint or to move to dismiss it before answering, to prepare a proper answer and to prepare for trial.

The motions must be denied.

The representation, as alleged in the complaint, is clear and specific. The defendants must know whether or not it was made, and, if so, whether it was written or oral, the parties by and to whom made, and the time and place. No showing is made that, if the particulars should be given, the defendants would have good ground to move for a dismissal, as, for example, might be the case if the statute of limitations were involved. Nor, are any further particulars necessary to enable the defendants either to admit or deny that the representation was made, as alleged.

McGee, individually, as a co-partner in Talbott & Co., and as trustee under the two McGee deeds of trust, also moves, upon the same grounds, for a bill of particulars setting forth the same facts as to the warranties alleged in the second cause of action in the third party complaint (quoted above). For the same reasons this motion must be denied.

McGee also moves, in the same capacities, for a bill of particulars of the June 14, 1940, written agreement referred to in the first cause of action in the third party complaint, setting forth a true copy thereof and specifying what portion thereof the Nickel Company claims constitutes a covenant by the third party defendants to hold it harmless, as alleged.

As McGee is alleged to have been a party to this agreement, he must be presumed to have a copy and does not need to be furnished with another copy. He can either admit or deny that he executed such an agreement and set forth its legal effect, if he claims that it is other than as alleged in the third party complaint. But he has not the right, under any circumstances, to demand that the Nickel Company now specify what portion thereof constituted a covenant to hold it harmless. That will be a matter of argument upon the trial or upon a motion for summary judgment, if one should be made.

All motions are denied. Settle order on two days' notice.